UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

In re:

Barry W. Seaton                                              CASE NO. 04-51104
Leigh Ann Seaton
                                                             CHAPTER    7
       Debtors

Deborah B. Simon, Trustee                                    Adv. Proc. No. 04-05043

       Plaintiff

vs.

McCracken County Teachers Federal Credit Union

       Defendant

### MEMORANDUM-OPINION

      THIS ADVERSARY PROCEEDING is before the Court after the conclusion of a trial on the merits of the cause of action to recover preferential payments brought by Plaintiff against Defendant under 11 U.S.C. §547(b). For the reasons set forth below, the Court finds in favor of Plaintiff. By virtue of 28 U.S.C. § 157(b)(2)(F) this is a core proceeding. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052.

### Findings of Fact

      After a somewhat tortuous procedural history, ultimately the only fact in dispute in this case is whether payments admittedly received during the 90-day preference period allowed Defendant to receive more than it would have received in a Chapter 7 distribution. Defendant does not dispute, and the Court therefore finds, that Defendant received several payments in the total amount of

$2,246.10 (the "Payments"), which were made on an antecedent debt, while the Debtors were insolvent, within 90 days before the date of Debtors' Chapter 7 petition.

Defendant's only remaining contention is that Plaintiff failed to introduce evidence that establishes that the Payments enabled Defendant to receive more than it would have if the Payments had not been made and Defendant had received a distribution in the normal course of Debtors' Chapter 7 bankruptcy. Plaintiff asserts that the Court may take judicial notice of filings in Debtors' underlying Chapter 7 bankruptcy case, including proofs of claim, and that such filings demonstrate that Defendant would receive less than $2,246.10 from any disbursement from the Chapter 7 Trustee.

Debtors listed $16,480.00 in undisputed unsecured nonpriority claims in Schedule F of their Chapter 7 petition. As of January 4, 2005, the deadline for filing proofs of claim, proofs of claim totaling $21,157.53 had been filed in Debtors' underlying Chapter 7 case and designated as either "unsecured" or "unknown." The only non-exempt asset of Debtors that the Chapter 7 Trustee is pursuing for liquidation and distribution to creditors is the $2,246.10 received by Defendant.

## Conclusions of Law

The Court agrees with Plaintiff's assertion that it may take judicial notice of its record in Debtors' underlying Chapter 7 bankruptcy case. *See In re Leach, 35 B.R. 100 (Bankr. W.D.Ky. 1983).* Accordingly, the Court takes judicial notice of the fact that creditors other than Defendant have filed proofs of claim in Debtors' underlying Chapter 7 and that the only funds potentially available for distribution to Debtors' creditors are the Payments.

In light of the foregoing facts, Defendant clearly received more in the Payments than it would have received in the normal course of Debtors' Chapter 7 bankruptcy. The Payments represent 100% of the funds potentially available to pay Debtors' creditors, but Defendant is only one of several creditors. Under the normal course of Debtors' bankruptcy, then, Defendant would have received less than 100% of the Chapter 7 distribution, i.e., less than 100% of the $2,246.10 amount of the Payments.

Based on the foregoing, the Court concludes that the Payments constituted an avoidable preference under 11 U.S.C. §547(b).

Finally, Plaintiff seeks interest on the funds in question. The Court believes that Defendant

reasonably disputed the timing of a portion of the Payments that have now been determined to have been preferential. Defendant was willing to pay Plaintiff the undisputed portion of the Payments in settlement of this matter, but Plaintiff refused to accept such lesser amount. Only after Plaintiff took the deposition of Edward Quarles, Jr. on June 21, 2005 did it become clear that all of the Payments fell within the 90-day preference period. Therefore, the Court declines to award Plaintiff interest.

The Court will enter a separate Order directing Defendant to pay Plaintiff $2,246.10. *Fed. R. Bankr. P. 9021.*